1  **MAYALL HURLEY P.C.**
   **WILLIAM J. GORHAM (SBN: 151773)**
2  wgorham@mayallaw.com
   **NICHOLAS J. SCARDIGLI (SBN: 249947)**
3  nscardigli@mayallaw.com
   **ROBERT J. WASSERMAN (SBN: 258538)**
4  rwasserman@mayallaw.com
   **JENNY D. BAYSINGER (SBN: 251014)**
5  jbaysinger@mayallaw.com
   **2453 Grand Canal Boulevard**
6  **Stockton, California 95207-8253**
   **Telephone: (209) 477-3833**
7  **Facsimile: (209) 477-4818**
8

9  **Attorneys for Plaintiff Julietta Rodriguez, individually and on behalf of all others similarly**
   **situated, and as a proxy for the California Labor and Workforce Development Agency**
10 **("LWDA")**

11                    **UNITED STATES DISTRICT COURT**

12               **EASTERN DISTRICT OF CALIFORNIA**
13

| | |
|---|---|
| 14 **JULIETTA RODRIGUEZ,** | **Case No.:** |
| 15        **Plaintiff,** | **CLASS ACTION AND INDIVIDUAL COMPLAINT FOR DAMAGES FOR** |
| 16 v. | |
| 17 **EMERITUS CORPORATION, a Washington corporation; BROOKDALE LIVING COMMUNITIES, INC., a Delaware corporation; BROOKDALE SENIOR LIVING, INC., a Delaware corporation; BROOKDALE SENIOR LIVING COMMUNITIES, INC., a Delaware corporation; and DOES 1-100, inclusive,** | 1. **FAILURE TO FURNISH ACCURATE WAGE STATEMENTS [Labor Code § 226(a)] – CLASS** |
| 18 | 2. **FAILURE TO MAINTAIN ACCURATE WAGE STATEMENTS [Labor Code § 226(a)] – CLASS** |
| 19 | 3. **UNLAWFUL BUSINESS PRACTICES [Cal. Bus. & Prof. Code § 17200] – CLASS** |
| 20 | 4. **PRIVATE ATTORNEY GENERAL'S ACT CLAIM FOR RECOVERY OF CIVIL PENALTIES** |
| 21 | |
| 22        **Defendants.** | 5. **FAILURE TO PROVIDE MEAL PERIODS [Labor Code §§ 226.7; 512] – Individual** |
| 23 | 6. **FAILURE TO PAY OVERTIME WAGES [Labor Code § 510] – Individual** |
| 24 | 7. **FAILURE TO PAY WAGES ON SEPARATION [Labor Code §§ 201-203] – Individual** |
| 25 | |
| 26 | 8. **SEX/GENDER DISCRIMINATION – Individual** |
| 27 | 9. **DENIAL OF/INTERFERENCE WITH PREGNANCY DISABILITY LEAVE ("PDL") – Individual** |
| 28 | |

10. **RETALIATION FOR TAKING PDL – Individual**
11. **RETALIATION – FEHA - Individual**
12. **FAILURE TO PREVENT DISCRIMINATION AND RETALIATION – Individual**
13. **RETALIATION FOR TAKING PROTECTED SICK LEAVE [Labor Code § 246.5(c)] – Individual**

**JURY TRIAL DEMANDED**

Plaintiff Julietta Rodriguez ("Rodriguez" or "Plaintiff") on behalf of herself and all others similarly situated, and on behalf of the general public as Private Attorney General, brings this action against Emeritus Corporation, a Washington corporation, Brookdale Living Communities, Inc., a Delaware corporation, Brookdale Senior Living, Inc., a Delaware corporation, Brookdale Senior Living Communities, Inc., a Delaware corporation, and Does 1 through 100, for violations of the California Labor Code and, individually, for violations of the California Fair Employment and Housing Act ("FEHA") and thereby seeks general, compensatory, punitive, and statutory damages, injunctive relief, declaratory relief, restitutionary relief, civil penalties, costs, and attorneys' fees, resulting from Defendants' unlawful and tortious conduct, as grounds therefore alleges:

## PARTIES

1.      Rodriguez at all times relevant herein was employed as a licensed vocational nurse ("LVN") by Defendants in their Brookdale Stockton senior living community located at 2150 West Kettleman Lane, Lodi, San Joaquin County, California, and was an "employee" as defined by Government Code section 12926(c) and California Labor Code section 3351.

2.      Rodriguez is informed and believes that Emeritus Corporation ("Emeritus") is a corporation organized and existing under the laws of the state of Washington with its principal place of business located at 111 Westwood Place, Suite 400, Brentwood, TN 37027.  At all relevant times herein, Emeritus was registered with the California secretary of state, qualified to conduct, and conducting business within California and specifically within San Joaquin County, and an "employer" as defined by Government Code sections 12926(d) and 12940(a).  Rodriguez

1  does not believe Emeritus was her employer under the California Labor Code as she is informed

2  and believes, and was specifically advised upon her hiring, she was employed by Brookdale Living

3  Communities, Inc. and/or Brookdale Senior Living Communities, Inc. for Labor Code purposes at

4  all relevant times.

5        3.      Rodriguez is informed and believes that Brookdale Living Communities, Inc.

6  ("Brookdale Living") is a corporation organized and existing under the laws of the state of

7  Delaware with its principal place of business located at 111 Westwood Place, Suite 400,

8  Brentwood, TN 37027.  At all relevant times herein, Brookdale Living was registered with the

9  California secretary of state, qualified to conduct, and conducting business within California and

10  specifically within San Joaquin County, and an "employer" as defined by Government Code

11  sections 12926(d) and 12940(a).  Rodriguez is informed and believes Brookdale Living was her

12  employer for Labor Code purposes at all relevant times.

13        4.      Rodriguez is informed and believes that Brookdale Senior Living, Inc. ("Brookdale

14  Senior") is a corporation organized and existing under the laws of the state of Delaware with its

15  principal place of business located at 111 Westwood Place, Suite 400, Brentwood, TN 37027.

16  Brookdale Senior is not registered with the California Secretary of State, but is believed to be

17  conducting business within California and specifically within San Joaquin County, and an

18  "employer" as defined by Government Code sections 12926(d) and 12940(a).  Rodriguez is

19  informed and believes Brookdale Senior was her employer for Labor Code purposes at all relevant

20  times.  Specifically, in connection with the Notice to Employee she was provided pursuant to

21  Labor Code section 2810.5 at the time of her hiring, "Brookdale Senior Living, Inc." at the address

22  identified in this paragraph was identified as her employer.

23        5.      Rodriguez is informed and believes that Brookdale Senior Living Communities, Inc.

24  ("Brookdale Senior Communities") is a corporation organized and existing under the laws of the

25  state of Delaware with its principal place of business located at 111 Westwood Place, Suite 400,

26  Brentwood, TN 37027.  At all relevant times herein, Brookdale Senior Communities was registered

27  with the California secretary of state, qualified to conduct, and conducting business within

28  California and specifically within San Joaquin County, and an "employer" as defined by

Government Code sections 12926(d) and 12940(a).  Rodriguez is informed and believes Brookdale Senior Communities was her employer for Labor Code purposes at all relevant times.

6.      Emeritus, Brookdale Living, Brookdale Senior, Brookdale Senior Communities, and Does 1-100 are collectively referred to herein as Defendants.

7.      Rodriguez is not aware of the true names and capacities of the Defendants sued herein as Does 1 through 100, whether individual, corporate, associate, or otherwise and therefore sues such Defendants by these fictitious names.  Rodriguez will amend this Complaint to allege their true names and capacities when ascertained.  Rodriguez is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Rodriguez's injuries and damages herein alleged were legally caused by such Defendants.  Unless otherwise indicated, each Defendant was acting within the course and scope of said agency and/or employment, with the knowledge and/or consent of said co-Defendant.

8.      Rodriguez is informed and believes and thereupon alleges that at all times mentioned herein, each of the Defendants, including each Doe Defendant, was acting as the agent, servant, employee, partner and/or joint venturer of and was acting in concert with each of the remaining Defendants, including each Doe Defendant, in doing the things herein alleged, while at all times acting within the course and scope of such agency, service, employment partnership, joint venture and/or concert of action.  Each Defendant, in doing the acts alleged herein, was acting both individually and within the course and scope of such agency and/or employment, with the knowledge and/or consent of the remaining Defendants.

## VENUE AND JURY TRIAL DEMAND

9.      This Court has diversity jurisdiction pursuant to 28 U.S.C. section 1332 as Defendants are residents of Washington, Delaware, and/or Tennessee, and Plaintiff is a resident of California and the amount in controversy with respect to the individual claims exceeds $75,000.  Jurisdiction over the class claims is proper pursuant to 28 U.S.C. section 1332, subdivision (d) as the Defendants reside in different states than at least one member of the Class, believed to consist

1  of more than 2,500 individuals, and the amount in controversy exceeds $5,000,000.  This Court

2  also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 because the pendent state law

3  claims arise out of the same controversy between the parties.

4        10.     Venue is proper in this Court pursuant to 28 U.S.C. §1391.  Defendants employ

5  multiple persons at multiple locations within San Joaquin County, within the Eastern District of

6  California, including Plaintiff, who have been subjected to the unlawful acts alleged herein.

7  Rodriguez, on behalf of herself and the Class, and in her capacity as a proxy for the Labor and

8  Workforce Development Agency, demands a jury trial.

9                           **GENERAL ALLEGATIONS**

10        11.     Rodriguez submitted an application for work with a "Brookdale" senior living

11  facility located in Lodi, California on December 6, 2016.  **Exhibit 1**.[1]  "Brookdale Senior Living,

12  Solutions" was emblazoned in the lower-right corner of each page of the five (5) page application.

13  *Id*.  The initial page of the application identifies a number of "Brookdale Senior Living

14  Companies."  *Id*. at p. 1.  Although the copy of the application Rodriguez was provided in response

15  to her written request for payroll and personnel records contains a note covering some of the

16  paragraph identifying Brookdale Senior Living Companies, Rodriguez is informed and believed

17  that "Emeritus Corporation" is not identified as a Brookdale Senior Living Company.  *Ibid*.  The

18  second page of the application specifically thanks applicants for his/her interest in "Brookdale

19  Senior Living, Inc."  *Id*. at p. 2.  Brookdale Senior Living (with no entity type designation) is the

20  only company name appearing, and it appears throughout the application.  *Id*. at pp. 1-5.

21        12.     On January 20, 2017, Plaintiff was provided a formal offer letter "on behalf of

22  Brookdale Senior Living, Inc." to begin working on January 23, 2017.  **Exhibit 2**.

23        13.     Plaintiff was formally hired on January 23, 2017.  Upon her hiring, Plaintiff was

24  provided a Notice to Employee pursuant to California Labor Code section 2810.5.  **Exhibit 3**.  The

25  Notice specifically identifies "Brookdale Senior Living, Inc." as Plaintiff's employer.

26  / / /

27  _____

28  [1] Exhibits 1 through 11 are incorporated by this reference as though fully set forth herein.

14.     Plaintiff was given, and required to sign, a California Associate Handbook Addendum and Acknowledgment that identified "Brookdale Senior Living Solutions" at the top of the page and repeatedly referred to "Brookdale" as the employer.  **Exhibit 4**.

15.     Although "Brookdale Senior Living, Inc." was identified as Plaintiff's employer on all of the paperwork she was provided in relation to her employment as an LVN at the Brookdale Kettleman Lane facility, the only entity identified on the first wage statement furnished to Plaintiff was "Emeritus Corporation" at the address of "111 Westwood Place, Brentwood, TN 37027.". **Exhibit 5**.  This same name and address appeared on each and every wage statement Plaintiff was furnished throughout her employment.

16.     The California Secretary of State's website contains no listing for "Brookdale Senior Living, Inc."  "Brookdale Senior Living Communities, Inc." and "Brookdale Living Communities, Inc.", both with the same "111 Westwood Place, Suite 400, Brentwood, TN 37027" address, are registered with the California Secretary of State.  There is an entity named Brookdale Senior Living, Inc., with the same 111 Westwood Place, Suite 400, Brentwood, TN 37027 address registered with the Tennessee Secretary of State, but not California.

17.     Following a written request pursuant to Labor Code § 226(b), Defendants produced copies of the wage statements Plaintiff was furnished.  **Exhibit 6**.  Those wage statements were provided by a Senior Corporate Counsel in Tennessee and are believed to be maintained in Tennessee and not at a central location within California and/or at Plaintiff's worksite.  In addition, just as the wage statements furnished do, the wage statements maintained identify only "Emeritus Corporation" at "111 Westwood Place, Brentwood, TN 37027" and do not identify Brookdale Living, Brookdale Senior, or Brookdale Senior Communities.  *Ibid*.

18.     Based upon the foregoing, Plaintiff alleges that (a) the name of the legal entity that is her employer is either (a) Brookdale Senior Living, Inc., (b) Brookdale Living Communities, Inc., or (c) Brookdale Senior Living Communities, Inc.  Plaintiff further alleges that Emeritus is not her employer for California Labor Code purposes and/or is at best a joint and/or co-employer with one or more of the Brookdale entity defendants.

/ / /

19.     The Brookdale entity defendants jointly operate more than 90 senior living communities within California and are believed to employ more than employ more than 2,500 individuals within California and well over 10,000 nation-wide.

20.     Defendants were, at all times relevant herein, aware of the requirements of Labor Code section 226(a).

21.     Plaintiff, and Defendants' other California employees both current and former, have suffered injury as a result of Defendants knowing and intentional failure to furnish wage statements accurately showing "the name and address of the legal entity that is the employer" as required by Labor Code section 226(a)(8).

22.     Plaintiff and Defendants' other California employees, both current and former, were and are unable to promptly and easily determine the name of the legal entity that is their employer from the wage statements furnished by Defendants.

23.     The only entity name identified on each and every wage statement furnished to Plaintiff is "Emeritus Corp."  Emeritus Corp. did not exert any control over Plaintiff's

24.     The wage statements Defendants furnished to their California employees all identify

25.     Defendants have, at all times relevant herein, furnished wage statements to each of their California employees, both current and former, pursuant to a longstanding and uniform policy of generating, issuing, and maintaining their wage statements such that all of their employees, both current and former, received similarly inaccurate wage statements.

26.     Based upon the foregoing, Plaintiff further alleges, that Defendants have failed to maintain accurate itemized wage statements for herself and their other California employees, both current and former, at the place of employment or at a central location within the State of California, for three years as required by Labor Code section 226.

27.     Plaintiff worked as an LVN at Defendants' Lodi, California senior living facility at all relevant times.

28.     During her first week of employment, Rodriguez participated in three (3) days of training.  She manually recorded her training time on Kronos Adjustment Form.  **Exhibit 7**. According to the form, Rodriguez recorded a total of 19.5 hours of training time during the week of

January 23, 2017; 6.5 hours on Monday, January 23, 9 hours on Wednesday, January 25, and 4

hours on Thursday, January 26, 2017.  Inexplicably, Defendants only paid Rodriguez for 19 hours

of training time.  See Exh. 5.  She was not afforded any compensation for 0.5 hours of work and

was not paid overtime premium wages for any of the work performed, despite recording 9 hours on

Wednesday, January 25, 2017.  *Ibid.*  Throughout Rodriguez's employment, after her training time,

Rodriguez's time was recorded using a biometric fingerprint.  Rodriguez is informed and believes,

however, that she was not paid for all overtime hours worked.

29.     The time records Rodriguez submitted documenting her training time indicate she

did not take a meal period on Wednesday, January 23, 2017 and instead worked a shift of nine (9)

hours straight.  Despite advising Defendants she did not have the opportunity to take a meal period

that day, by turning in her time card reflecting such, Defendants did not afford Rodriguez an

additional one hour of pay as required by Labor Code section 226.7.

30.     At all relevant times, Defendants were Rodriguez's "employers" as defined by

Government Code sections 12926(d) and 12940.  Defendants also qualified as an "employer" for

purposes of 22 Cal. Code Regs. Section 7291(h) and were required to provide pregnancy disability

leave to any employee who was disabled because of pregnancy.

31.     Rodriguez's direct supervisor was Sara Lamprada-Meckedsy ("Lamprada") the

Health and Wellness Director.

32.     In early June, 2017, Rodriguez advised Lamprada that she was pregnant.  At that

time, Rodriguez was approximately five (5) months pregnant.  Lamprada immediately seemed

irritated that Rodriguez was pregnant.  Within a few weeks of Rodriguez advising Lamprada of her

pregnancy condition, Lamprada modified Rodriguez's schedule to reduce her working days from

five (5) per workweek to four (4) per workweek.  As a result, Rodriguez's hours were reduced

from forty (40) per workweek to thirty-two (32) per workweek—her earnings were concomitantly

reduced as well.

33.     In addition, within weeks of Rodriguez advising Lamprada she was pregnant,

Rodriguez was written up for the first time.  Prior to advising Lamprada of her pregnancy,

Rodriguez had not been written up, reprimanded, or otherwise disciplined.   The nature and

asserted basis of the write-up, itself, evinced Lamprada's animus towards employees taking time off, regardless of whether it was protected.

34.     Specifically, the June 28, 2017 write-up purported to reprimand Rodriguez, in part, for "excessive absenteeism." The problematic absences included May 16-May 18, 2017. Those absences were taken by Rodriguez pursuant to the Healthy Workplaces Healthy Families Act (Labor Code § 246, et seq.) during a time she was sick—she was afforded paid sick leave for those days off.

35.     The other absences identified in the write-up, June 20, 21, and 24 were also for times Rodriguez advised Lamprada she was sick.

36.     Despite knowing Rodriguez was pregnant, being specifically aware the absences from May 16-18, 2017 were for protected sick leave, and *herself* approving PTO for those paid sick days, Lamprada issued a disciplinary write-up to Rodriguez based on asserted absenteeism.

37.     Tellingly, Lamprada had herself approved the paid sick leave May 16, 17, 18 on May 31, 2017, *before* Rodriguez advised she was pregnant. **Exhibit 8**.

38.     After Rodriguez advised of her pregnancy condition, Lamprada apparently determined those excused absences were a problem—likely because she anticipated the need for future and further absences relating to Rodriguez's pregnancy would occur in the future—and elected to discipline Rodriguez for them. Lamprada's conduct in disciplining Rodriguez, in part, for taking protected sick leave directly violates Labor Code section 246.5, subdivision (c)(1).

39.     Recognizing that she was being punished for using paid sick leave, and that Lamprada's attitude towards her had markedly changed in the wake of her advising Lamprada she was pregnant, Rodriguez appealed to Defendants in writing to contest the June 28, 2017 write-up.

40.     Specifically, Rodriguez wrote a letter outlining her concerns; namely, that she as being punished for using paid sick leave, that her schedule had been reduced without her consent or appropriate notice, and her impression that she was "being harassed and discriminated due to [her pregnancy] condition." **Exhibit 9**.

41.     In response to Rodriguez's letter, and apparently recognizing Lamprada's modification of Rodriguez's schedule was improper and discriminatory, Defendants restored

Rodriguez to her previous Tuesday-Saturday, forty (40) hours per workweek schedule.  Defendants did nothing to correct, rescind, or modify Lamprada's disciplinary write-up of Rodriguez, however.  Instead, Rodriguez is informed and believes, Lamprada was shown Rodriguez's letter and was thereby advised Rodriguez had complained about her discriminatory and retaliatory conduct.

42.     Rodriguez is informed and believes her letter complaining that Lamprada was discriminating against her because of her pregnancy angered Lamprada.

43.     Additionally, being required to restore Rodriguez's previous schedule angered Lamprada and instilled retaliatory animus towards Rodriguez in her.

44.     Lamprada's attitude towards Rodriguez worsened, she was curt and rude in their interactions and appeared to be over-scrutinizing Rodriguez's performance.

45.     To that end, on August 6, 2017, Lamprada again singled out Rodriguez for discipline.  Rodriguez is informed and believes Lamprada was motivated to write her up because of her discriminatory animus towards pregnant individuals (and the attendant time off of work they require) and retaliatory animus towards Rodriguez for complaining about her in writing after the June 28, 2017 write-up.

46.     On August 6, 2017 Lamprada suspended Rodriguez purportedly for leaving un-administered medication in a locked cart to provide to patients after her lunch break and not properly documenting same.

47.     Rodriguez is informed and believes such conduct had been engaged in by other employees without incident or discipline.

48.     Although Rodriguez was suspended purportedly pending an investigation, she is informed and believes no investigation actually occurred.  No one other than Lamprada provided any information underscoring Rodriguez's suspension and subsequent termination.  No one other than Lamprada questioned Rodriguez or allowed her to provide any information.

49.     Rather than independently investigate, Rodriguez is informed and believes Defendants simply allowed Lamprada carte blanch to determine whether and how to reprimand Rodriguez.

/ / /

---

Class Action and Individual Complaint for Damages

50.     On August 11, 2017, Rodriguez was notified that she was being terminated after "investigation" of Lamprada's allegations from August 6, 2017. Rodriguez's final pay check was drawn on August 8, 2017 indicating the termination decision was made well in advance of August 11, 2017.

51.     Rodriguez was more than seven (7) months pregnant at the time she was terminated. Rodriguez is informed and believes her termination was motivated by Lamprada's desire to get rid of her before having to accommodate anticipated leave relating to Rodriguez's pregnancy (including maternity leave) and her anger towards Rodriguez for complaining about her.

52.     Since Defendants had not paid Rodriguez for all hours worked during her employment, and had not paid her overtime premium wages for all overtime hours worked, there were necessarily additional wages due and outstanding at the time Rodriguez was terminated. The failures to pay Rodriguez properly during her employment were willful and not the result of an inadvertent clerical error. As such, the failure to pay all outstanding wages to Rodriguez at the time of her termination was also willful entitling Rodriguez to collect penalties pursuant to Labor Code section 203.

53.     On October 12, 2017, Rodriguez filed a complaint with the Department of Fair Employment and Housing ("DFEH") against Defendants and was issued a right-to-sue letter the same day. **Exhibit 10**.

54.     The list of misconduct by Defendants set forth above is a partial list only, and by way of example.

## PRIVATE ATTORNEY GENERAL ACT ALLEGATIONS

55.     The Private Attorney General Act ("PAGA"), as set forth at California Labor Code § 2698 *et seq.*, is and at all times relevant herein was applicable to Rodriguez's employment by Defendants.

56.     Pursuant to Labor Code § 2699(a) any provision of the Labor Code which provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") for violations of the Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or

---

Class Action and Individual Complaint for Damages

former employees pursuant to the procedures outlined in Labor Code § 2699.3.  California Labor Code § 2699(a).

57.     Pursuant to PAGA, an "aggrieved employee" is "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed." Labor Code § 2699(c).

58.     Rodriguez was employed by Defendants and the alleged violations were committed against him during her time of employment and continuing.  Rodriguez is therefore an aggrieved employee as defined by Labor Code § 2699(c).  Other current and former employees are also aggrieved employees in that one or more of the alleged violations were also committed against them during their time of employment with Defendants.

59.     Defendants violated the Labor Code as to Rodriguez and other current and former employees it employed and/or employs within California by willfully failing to do the following:

1.     Provide Meal Periods – An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes.  Similarly, an employer may not employ an employee for more than 10 hours per day without providing the employee with a second meal period.  Meal periods are generally required to be "off-duty" absent special circumstances not present in connection with Rodriguez's job.  Meal periods are also required to be provided before the end of the 5th hour of work during a shift (the second meal period must commence before the end of the 10th hour of work). Throughout her employment, Rodriguez was frequently denied timely meal periods, and sometimes deprived of meal periods entirely.  At no point during her employment was Ms. Rodriguez ever furnished a premium payment equal to one hour's pay for any meal period she was denied or not timely provided.  Other hourly, non-exempt employees of Defendants were similarly denied meal periods and/or timely meal periods and associated premium payments.

2.     Provide Rest Periods – Rodriguez and Defendants' other non-exempt California employees, both current and former, were often not relieved of all duties for rest periods for the same reasons as outlined with respect to meal periods.  The Defendants failed to provide the requisite additional compensation required by Labor Code section 226.7 for rest periods that were denied.

3.     Pay Wages for All Hours Worked – California Labor Code section 1194 and paragraph 4 of the applicable Industrial Welfare Commission Wage Order mandate that employees be paid at least minimum wage for all hours worked.  As previously alleged herein, Defendants failed to pay Rodriguez for all hours she worked and recorded.  Rodriguez believes other employees were similarly denied wages.

4.     <u>Pay Overtime Wages</u> – California Labor Code section 510 requires employers to compensate non-exempt employees at a rate at least 1 ½ times the regular rate of pay for all hours worked beyond eight (8) in a workday and forty (40) in a workweek, and at least twice the regular rate of pay for all hours worked beyond twelve (12) in a workday and beyond eight (8) on the seventh day of the workweek.  Despite this requirement, Defendants did not pay Rodriguez premium wages for all overtime hours she worked, as previously alleged herein.  Rodriguez is informed and believes Defendants similarly denied overtime compensation to other non-exempt employees within California.

5.     <u>Pay All Wages on Separation</u> – Labor Code sections 201 and 202 mandate that all outstanding wages be paid immediately upon termination and within 72 hours of an employee's resignation (if less than 72 hours of notice is provided).  Failure to pay wages subjects and employer to the penalties outlined in Labor Code section 203.  Defendants violated this statute as to Rodriguez and she is informed and believes they similarly failed to pay other non-exempt California employees all wages due in a timely manner upon separation.

6.     <u>Furnish Accurate Itemized Wage Statements</u> – Based on the violations alleged in the subparagraphs of this paragraph 46, the wage statements issued by Defendants were inaccurate in that they failed to accurately identify 1) gross wages earned, 2) total hours worked, 3) net wages earned, and 4) all wage rates and the number of hours worked at each wage rate.  The wage statements also failed to accurately identify the entity name and address of Rodriguez's employer as outlined in paragraphs 11-24 and the associated exhibits incorporated therein.

7.     <u>Maintain copies of accurate itemized wage statements</u> – Because of the violations set forth above, it is further alleged that Defendants failed to maintain copies of their employee's wage statement which accurately show the information required by section 226(a)(1) through (a)(9).

60.     Pursuant to Labor Code § 2699(f), the civil penalty recoverable in a PAGA action is that which is provided for by the by the Labor Code.  Pursuant to Labor Code § 558, an employer who violates any section of the Labor Code regulating hours and days of work is subject to assessment of a civil penalty of $50 per employee for each initial pay period during which there is a violation and $100 per employee for each subsequent pay period during which there is a violation.  An amount sufficient to recover each employee's unpaid wages is also to be assessed as a civil penalty.

61.     Pursuant to Labor Code § 2699(f), the civil penalty recoverable in a PAGA action is that which is provided for by the by the Labor Code.  When the Labor Code does not provide a

civil penalty, the penalty recoverable shall be $100 for the initial violation per employee per pay period and $200 for each subsequent violation per employee per pay period.

62.     Pursuant to Pursuant to California Labor Code § 2699(g), an aggrieved employee may recover the civil penalty on behalf of himself or herself and other current or former employees against whom one or more of the alleged violations was committed.  Furthermore, any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs.

63.     Pursuant to Labor Code § 2699.3, an aggrieved employee, including Basinger may pursue a civil action arising under PAGA after the following requirements have been met:

a.     The aggrieved employee shall give written notice by certified mail to the LWDA and the employer (hereinafter "Employee's Notice") of the specific provisions of California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations;

b.     The LWDA shall provide notice (hereinafter "LWDA's Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within 60 days of the postmark date of the Employee's Notice.  Upon receipt of the LWDA's Notice, or if the LWDA does not provide notice with 65 calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code § 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

c.     For all alleged violations not enumerated in Labor Code § 2699.5, the employer is given thirty-three (33) days to cure and notify the aggrieved employee by certified mail that the violation has been cured.  If the violation is not cured, the aggrieved employee may commence a civil action pursuant to California Labor Code § 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

64.     On October 12, 2017, Rodriguez provided written notice by certified mail to Defendants and the LWDA of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

/ / /

65.     As of the date of this Complaint, which is more than sixty-five (65) days after October 12, 2017, the LWDA has not responded to Rodriguez's notification or otherwise indicated an intention to investigate his claims.  Rodriguez has satisfied the administrative prerequisites under Labor Code § 2699.3 to bring a civil action to recover penalties against Defendants, in addition to other remedies, for violations including but not limited to California Labor Code §§ 201, 202, 226, 226.7, 510, 512, 558, 1194, and 1198 and applicable Wage Order provisions.  A true and correct copy of the October 12, 2017 Notification Letter is attached hereto as **Exhibit 11** and incorporated herein by reference.

66.     As of the filing of this Complaint, which is more than thirty-three (33) days after October 12, 2017, no Defendant has furnished any notification reflecting that any of the violations alleged in the October 12, 2017 notification letter has been cured pursuant to California Labor Code section 2699.3, subdivision (c).

67.     Pursuant to Labor Code § 2699.3(d), Plaintiff's "exhaustion period" with the LWDA, from October 12, 2017 to December 16, 2017 is "not counted as part of the time limited for the commencement of the civil action to recover penalties" under PAGA.

## CLASS ACTION ALLEGATIONS

68.     Rodriguez seeks to maintain this action as a class action as to the first through third causes of action below pursuant to Federal Rules of Civil Procedure, Rule 23.  The proposed class consists of:

**Failure to Furnish Class**

All current and former California employees of Defendants who received a wage statement between February 13, 2016 and the date of Final Judgment (the "Failure to Furnish Class Period");

**Failure to Maintain Class**

All current and former California employees of Defendants who received a wage statement between February 13, 2014, through the date of Final Judgment, which Defendants had an obligation to maintain a copy of that is compliant with Labor Code section 226(a) at the place of employment or at a central location within the State of California between February 13, 2016 and the date of Final Judgment (the "Failure to Maintain Class Period");

The Failure to Furnish Class and the Failure to Maintain Class are collectively referred to herein as the "Class".

69.     There are numerous questions of law and fact common to each of the Class Members, including but not limited to the following:

    a.    Whether Defendants had a uniform policy and practice relating to the provision of wage statements to employees within California that fully complies with Labor Code section 226;

    b.    Whether the wage statements furnished by Defendants comply with Labor Code section 226(a)(8);

    c.    Whether Emeritus Corporation qualifies as an employer pursuant to the California Labor Code;

    d.    Whether Brookdale Senior Living, Inc. was the employer of the Class pursuant to the California Labor Code;

    e.    Whether Brookdale Senior Living Communities, Inc. was the employer of the Class pursuant to the California Labor Code;

    f.    Whether Brookdale Living Communities, Inc. was the employer of the Class pursuant to the California Labor Code;

    g.    Whether a reasonable person would be able to ascertain the name and address of the legal entity that was the Class Members' employer by review of the wage statements and without reference to outside documents;

    h.    Whether Defendants failure to comply with Labor Code section 226(a)(8) was knowing and intentional;

    i.    Whether Defendants failure to comply with Labor Code section 226(a)(8) was the result of an isolated and unintentional payroll error due to clerical or inadvertent mistake;

    j.    Whether Defendants failure to comply with Labor Code section 226(a)(8) caused the Class Members injury;

/ / /

k.    Whether Defendants maintained wage statements containing all of the information required by Labor Code section 226(a), subdivisions (1) through (9);

l.    Whether Defendants maintained wage statements in a manner that is compliant with Labor Code section 226 subdivision (a);

m.    Whether Defendants' various violations as to the Class Members serve as a predicate for claims under the UCL

70.    Rodriguez is a member of the Class. Rodriguez's claims are typical of the claims of the Class as a whole, as each of the claims arises out of application of Defendants' uniform policies, patterns, and practices to each individual class member. Each individual member of the Class has sustained and/or will sustain damage and injury as a proximate and/or legal result of Defendants' violations of the Labor Code identical to the injuries suffered by Rodriguez.

71.    The defenses of Defendants, to the extent that such defenses apply, are applicable, respectively, to the Class a whole and are not distinguishable as to the individual proposed member of the Class.

72.    Plaintiff will fairly and adequately protect the interests of the Class because she has the same interest in obtaining recovery, suffered the identical types of violations as every other proposed class member, and has retained counsel with extensive experience in litigation, including representative actions. Plaintiff does not have any individual interest that conflicts in any way with those of each respective class as a whole and is in a position to represent the interests of the Class for the period of one (1) year prior to the initiation of this lawsuit.

73.    A class action is superior to any other method available for fairly and efficiently adjudicating the controversy because 1) joinder of individual class members is not practical, 2) litigating the claims of individual class members would be unnecessarily costly and burdensome and would deter individual claims, 3) litigating the claims of individual class members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants, 4) class members still working for Defendants may be fearful of retaliation if they were to bring individual claims, 5) class members would be discouraged from pursuing

individual claims because the damages available to them are relatively small, and 6) California

public policy encourages the use of the class actions to enforce California's employment laws and

protect individuals who, by virtue of their subordinate position, are particularly vulnerable.

74.     Judicial economy will be served by maintenance of this lawsuit as a class action.  To

process numerous virtually identical individual cases will significantly increase the expense on the

Court, the class members and Defendants, all while unnecessarily delaying the resolution of this

matter.  There are no obstacles to effective and efficient management of this lawsuit as a class

action by this Court, and doing so will provide multiple benefits to the litigating parties including,

but not limited to, efficiency, economy, and uniform adjudication with consistent results.

75.     Notice of a certified class action and any result or resolution of the litigation can be

provided to class members by mail, email, publication, or such other methods of notice as deemed

appropriate by the Court.

<u>**FIRST CAUSE OF ACTION**</u>
**VIOLATION OF LABOR CODE §226**
**(Failure to Furnish Accurate Itemized Wage Statements)**
**Against All Defendants**
**On Behalf of Rodriguez and the Failure to Furnish Class**

76.     Rodriguez hereby realleges and incorporates by reference each and every allegation

set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the

allegations of this cause of action.

77.     Pursuant to Labor Code section 226(a), every employer shall furnish each of its

employees an accurate itemized statement in writing showing, among other things, the name and

address of the legal entity that was the employer.  Cal. Labor Code § 226(a)(8).

78.     The wage statements issued to Rodriguez and the other members of the Failure to

Furnish Class did not accurately reflect the name and address of the legal entity that was the Class

Members' employer.

79.     Instead, each and every wage statement identified "Emeritus Corporation."

80.     "Emeritus Corporation" was not the legal entity that was Rodriguez's employer at

any time during the Failure to Furnish Class Period.

81.     "Emeritus Corporation" was not the legal entity that was the employer of any of the Failure to Furnish Class Members at any time during the Failure to Furnish Class Period.

82.     "Brookdale Living Communities, Inc." was the legal entity that was Rodriguez's employer at all relevant times.

83.     "Brookdale Senior Living, Inc." was the legal entity that was Rodriguez's employer at all relevant times.

84.     "Brookdale Senior Living Communities, Inc." was the legal entity that was Rodriguez's employer at all relevant times.

85.     As a result, the wage statements issued to Rodriguez and other members of the Failure to Furnish Class do not accurately reflect the name and address of the legal entity that was the Class Members' employer as required by Labor Code section 226, subdivision (a)(8).

86.     As a result of Defendants' conduct, Rodriguez and the other members of the Failure to Furnish Class have been injured insofar as a reasonable person looking at the wage statements furnished by Defendants would not be able to readily ascertain the name and address of the legal entity that was the employer without reference to other documents or information.

87.     As a result, Rodriguez and the other members of the Failure to Furnish Class have been damaged as set forth above and request relief as hereafter provided.

88.     Wherefore, Rodriguez seeks relief as set forth below.

**SECOND CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA LABOR LAWS**
**(Failure to Maintain Copy of Accurate Itemized Wage Statements)**
**Against All Defendants**
**On Behalf of Rodriguez and the Failure to Maintain Class**

89.     Rodriguez hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

90.     Pursuant to Labor Code § 226(a), every employer shall maintain a copy of accurate itemized wage statement for at least three years for current and former employees, showing, among other things, the name and address of the entity that is the employer.

/ / /

---

Class Action and Individual Complaint for Damages
19

91.     Nevertheless, as set forth above, Defendants intentionally and willfully failed to maintain a copy of accurate itemized wage statements of Rodriguez and the other members of the Failure to Maintain Class or an accurate electronic record containing all of the information required by Labor Code section 226(a)(1)-(a)(9) in violation of Labor Code § 226(a).

92.     Specifically, the wage statements maintained for members of the Failure to Maintain Class failed to accurately identify the name and address of the legal entity that was the employer because they identified "Emeritus Corporation."

93.     The statutory penalty for violation of Labor Code section 226(a) is outlined in section 226(e)(1).

94.     As a result of Defendants' conduct, Rodriguez and the other members of the Failure to Maintain Class have suffered injury in that they could not ascertain all of the information outlined in Labor Code section 226(a) from reviewing the wage statement information maintained.

95.     As a result, Rodriguez and the other members of the Failure to Maintain Class have been damaged as set forth above and request relief as hereafter provided.

96.     Wherefore, Rodriguez seeks relief as set forth below.

**THIRD CAUSE OF ACTION**
**UNFAIR/UNLAWFUL BUSINESS PRACICES**
**(Cal. Bus. & Prof. Code § 17200)**
**Against All Defendants**
**On Behalf of Rodriguez and the Class**

97.     Rodriguez hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

98.     Defendants' statutory violations alleged herein, and each of them, are unfair and unlawful business practices within the meaning of Business & Professions Code § 17200 et. seq.

99.     Defendants' failures to furnish accurate, itemized wage statements to members of the Failure to Furnish Class violate Labor Code section 226, subdivision (a)(8).

100.     Defendants' failures to maintain accurate, itemized wage statements for members of the Failure to Maintain Class violate Labor Code section 226, subdivision (a).

101.     Defendants' conduct towards the Class violates these and other California laws.

102.     Rodriguez and the other members of the Class have suffered actual harm as a direct and proximate result of Defendants' unfair and unlawful business practices.

103.     Rodriguez is informed and believes that Defendants are continuing to treat members of the Class unlawfully and will continue to do so unless enjoined by this Court.

104.     Wherefore, Rodriguez and the other members of the Class have been damaged as set forth above and request relief as hereafter provided.

## FOURTH CAUSE OF ACTION
### VIOLATION OF PRIVATE ATTORNEY GENERAL ACT ("PAGA")
### Against all Defendants
### On Behalf of Rodriguez as a proxy for the LWDA

105.     Rodriguez hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

106.     Plaintiff is an "aggrieved employee" under the PAGA as she was employed by Defendants during the applicable statutory period, from February 13, 2016 through the present, and suffered one or more of the Labor Code violations outlined herein.

107.     As such, Rodriguez seeks to recover, on behalf of and as a proxy for the Labor and Workforce Development Agency (the "LWDA"), the civil penalties provided by the PAGA and reasonable attorneys' fees and costs.

108.     Plaintiff seeks to recover the PAGA civil penalties through a representative action permitted by the PAGA and *Arias v, Sup. Ct.* (2009) 46 Cal.4th 969.  Class certification of the PAGA claims is not required.

109.     Plaintiff seeks to enforce the California Labor Code and related regulations and Industrial Wage Order(s) on behalf of the LWDA and pursuant to the PAGA for a number of violations which include, but are not limited to, all of the following: Labor Code sections 201-203, 226, 226.7, 256, 510, 512, 558, 1194, 1197, and 1197.1.

110.     The civil penalty recoverable by an aggrieved employee in a PAGA action for violations of Labor Code sections 510 or 512, or any order of the IWC, is set forth at Labor Code

section 558.  Labor Code section 558 provides a civil penalty of (1) fifty dollars ($50) for each underpaid employee for each pay period which the employee was underpaid for any initial violation and (2) one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid for each subsequent violation as well as an amount sufficient to recover underpaid wages.  Labor Code section 558 further provides that any employer or other person acting on behalf of an employer who fails to pay overtime wages due shall be subject to the penalties set forth therein.

111.    The civil penalty recoverable by an aggrieved employee in a PAGA action for violation of Labor Code sections 201-203 is set forth in Labor Code section 256.  Labor Code section 256 provides for a civil penalty pursuant to Labor Code section 203, not to exceed thirty (30) days of pay.

112.    Pursuant to Labor Code § 2699(f), the civil penalty recoverable in a PAGA action, when the Labor Code does not provide a civil penalty shall be $100 for the initial violation per employee per pay period and $200 for each subsequent violation per employee per pay period.

113.    As a result of the myriad violations of the Labor Code and applicable IWC Order(s), Rodriguez seeks recovery of civil penalties, attorneys' fees and costs pursuant to the PAGA as set forth below.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF LABOR CODE §§ 226.7, 512**
**(Failure to Provide Meal Breaks)**
**Against All Defendants**
**On Behalf of Rodriguez, individually**

114.    Rodriguez hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

115.    Labor Code § 226.7 requires employers to provide employees meal, rest and recovery periods as mandated by Order of the Industrial Welfare Commission.

116.    Labor Code § 512(a) and the applicable Wage Order(s) provide that an employer may not employ a person for a work period of more than 5 hours per day without providing that

employee a meal period of not less than 30 minutes, except that if the total work period per day is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.

117.    The applicable Wage Order(s) and Labor Code 226.7 further require an employer who fails to provide a meal period to pay the employee one hour of pay at the employee's regular rate for each day that a meal period is missed.

118.    During the relevant time period, Defendants failed to provide Rodriguez with meal breaks as required by the Labor Code and IWC Orders.  In particular, Rodriguez was sometimes denied the opportunity to take meal periods.

119.    Defendants did not provide premium payments pursuant to Labor Code section 226.7 for all meal periods Rodriguez was denied.

120.    Defendants did not provide premium payments pursuant to Labor Code section 226.7 to Rodriguez at any time.

121.    As a result of Defendants' conduct, Rodriguez has been damaged as set forth above and request relief as hereafter provided.

122.    Wherefore, Rodriguez seeks relief as set forth below.

**SIXTH CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA WAGE LAWS**
**(Failure to Pay Overtime)**
**Against All Defendants**
**On Behalf of Rodriguez, individually**

123.    Rodriguez hereby realleges and incorporates by reference each and every allegation above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

124.    Pursuant to California Labor Code section 510, any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an

employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

125.    Pursuant to Labor Code sections 510, 558, and 1194 and the applicable IWC Wage Order(s), it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay for all time worked beyond 8 hours in a day or 40 hours in a workweek, depending upon the number of hours worked by the person on a daily or weekly basis.

126.    During the relevant time period, Rodriguez sometimes worked in excess of 8 hours per day, in excess of 40 hours per workweek, in excess of 6 days per workweek, and/or in excess of 12 hours per day.

127.    During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Rodriguez for all hours she worked beyond eight (8) in a workday, forty (40) in a workweek, and/or twelve (12) in a workday.

128.    Defendants' actions violate Labor Code sections 510, 558, and 1194 and the applicable IWC Wage Order(s).

129.    Pursuant to California Labor Code section 1194(a), notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

130.    As a direct and proximate result of Defendants' misconduct, Rodriguez has lost wages and benefits.

131.    Wherefore, Rodriguez seeks relief as set forth below.

/ / /

/ / /

/ / /

/ / /

/ / /

### SEVENTH CAUSE OF ACTION
### VIOLATION OF LABOR CODE SECTION 200 ET SEQ.
#### (Failure to Pay Wages Upon Cessation of Employment)
#### Against All Defendants
#### On Behalf of Rodriguez, individually

132.   Rodriguez hereby realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

133.   Labor Code section 201 requires an employer, when discharging an employee, to immediately pay the wages earned and unpaid at the time of discharge.  Labor Code section 202 mandates that employer's provide all wages within seventy-two (72) hours of an employee voluntarily leaving employment unless the employee provides moe than seventy-two (72) hours' notice.

134.   During the relevant time period, Defendants failed to pay Rodriguez all wages earned.  Specifically, unpaid premium wages for denied meal periods, and unpaid overtime premium wages remain outstanding.

135.   Labor Code section 203(a) provides a statutory penalty of up to 30 days wages.

136.   As a direct and proximate result of Defendants' misconduct, Rodriguez has been denied wages and benefits.

137.   Wherefore, Rodriguez requests relief as hereafter provided.

### EIGHTH CAUSE OF ACTION
### VIOLATION OF GOVERNMENT CODE SECTION 12940(a)
#### (Sex/Gender Discrimination)
#### Against Defendants
#### On Behalf of Rodriguez, individually

138.   Rodriguez hereby realleges and incorporates by reference each and every allegation above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

139.   The Fair Employment and Housing Act ("FEHA") explicitly prohibits an employer from refusing to hire or employ a person, discharging a person from employment, or discriminating

against such person in compensation or in terms, conditions or privileges of employment on the basis of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation or military and veteran status.  Gov. Code § 12940(a).

140.   Government Code section 12926(r)(1)(A) defines "sex" to include pregnancy and pregnancy-related conditions.

141.   At all times herein mentioned, Rodriguez was qualified for her position as an LVN with Defendants based upon her work experience and performance history.

142.   Defendants were at all times material herein Rodriguez's employer pursuant to Gov. Code § 12926(d) and were therefore barred from discriminating against their employees based on sex.

143.   Nevertheless, as set forth above, Defendants discriminated against Rodriguez based on sex, in violation of Gov. Code § 12940(a).

144.   The acts taken toward Rodriguez were carried out by and/or ratified by Defendants and/or managing agents/employees of Defendants acting in an oppressive, fraudulent and malicious manner in order to injure or damage Rodriguez, thereby justifying an award of punitive damages.

145.   As a direct and proximate result of Defendants' conduct, Rodriguez has been harmed and requests relief as hereafter provided.

**NINTH CAUSE OF ACTION**
**VIOLATION OF GOVERNMENT CODE SECTION 12945**
**(Interference with Pregnancy Disability Leave ["PDL"] Rights)**
**Against all Defendants**
**On Behalf of Rodriguez, individually**

146.   Rodriguez hereby realleges and incorporates by reference each and every allegation above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

147.   Title 2, California Code of Regulations section 7291.9 provides that employees are entitled to take up to four (4) months of pregnancy disability leave and expressly makes it unlawful

for an employer to deny leave to an employee who is disabled by pregnancy, provides reasonable notice of the disability and whose health care provider has determined is disabled by pregnancy.

148.    Government Code section 12945 makes it unlawful for an employer to refuse to allow a female employee disabled by pregnancy to take a leave for a reasonable period of time not to exceed four (4) months.  Subdivision (4) of section 12945 expressly makes interference with, restraint of, or denial of any right to take pregnancy disability leave unlawful.  A proper "grant" of pregnancy disability leave requires the employer to reinstate the employee as outlined in 2 CCR 7291.10 upon expiration of the leave.

149.    2 CCR section 7291.10, subdivision (a) mandates that an employer must place an employee returning from leave in the same position or a comparable position upon expiration of the leave.

150.    As of the time of her first requested time off related to her pregnancy, in May, 2017, and at all relevant times thereafter, Rodriguez was eligible for pregnancy disability leave.

151.    Defendants violated numerous provisions of PDL and its implementing regulations in connection with Rodriguez.  These violations include, but are not limited to, failing to inform Rodriguez of her PDL rights, failing to grant a qualified PDL, disciplining Rodriguez for taking leave that qualified as PDL, and terminating Rodriguez before she was able to (and in order to prevent her from) use PDL in relation to the birth of her daughter.

152.    The acts taken toward Rodriguez were carried out by and/or ratified by Defendants and/or managing agents/employees of Defendants acting in an oppressive, fraudulent and malicious manner in order to injure or damage Rodriguez, thereby justifying an award of punitive damages.

153.    As a direct and proximate result of Defendants' conduct, Rodriguez has been harmed and requests relief as hereafter provided.

/ / /

/ / /

/ / /

/ / /

/ / /

**TENTH CAUSE OF ACTION**
**VIOLATION OF GOV. CODE § 12945.2(l)**
**(Retaliation -- PDL)**
**Against all Defendants**
**On Behalf of Rodriguez, individually**

154.    Rodriguez hereby realleges and incorporates by reference each and every allegation above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

155.    California Government Code section 12945 prohibits an employer from discharging or discriminating against an employee because that person has exercised her right to PDL.

156.    Nonetheless, Defendants discriminated and retaliated against Rodriguez for requesting and/or taking protected PDL by terminating her employment, and refusing to reinstate her after the expiration of her PDL.

157.    The acts taken toward Rodriguez were carried out by and/or ratified by Defendants and/or managing agents/employees of Defendants acting in an oppressive, fraudulent and malicious manner in order to injure or damage Rodriguez, thereby justifying an award of punitive damages.

158.    As a direct and proximate result of Defendants' conduct, Rodriguez has been harmed and requests relief as hereafter provided.

**ELEVENTH CAUSE OF ACTION**
**VIOLATION OF GOVERNMENT CODE SECTION 12940(m)(2)**
**(Retaliation)**
**Against Defendants**
**On Behalf of Rodriguez, individually**

159.    Rodriguez hereby realleges and incorporates by reference each and every allegation above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

160.    The FEHA expressly prohibits an employer from retaliating against an employee for engaging in protected activity.

161.    Defendants at all times relevant herein were Rodriguez's employer pursuant to Government Code section 12926(d) and were therefore prohibited from such retaliatory conduct.

162.   Rodriguez engaged in protected activity when she complained that Lamprada was singling her out and treating her differently because she was pregnant.

163.   Rather than protect Rodriguez from Lamprada's unlawful conduct, Defendants disclosed the complaint to Lamprada and left her with unfettered supervisory authority over Rodriguez.

164.   Lamprada subsequently terminated Rodriguez.  The termination was motivated by Lamprada's retaliatory animus towards Rodriguez for disclosing her unlawful and discriminatory conduct to the Human Resources Department.

165.   The acts taken toward Rodriguez were carried out by and/or ratified by Defendants and/or managing agents/employees of Defendants acting in an oppressive, fraudulent and malicious manner in order to injure or damage Rodriguez, thereby justifying an award of punitive damages.

166.   As a direct and proximate result of Defendants' conduct, Bailey has been harmed and requests relief as hereafter provided.

**TWELFTH CAUSE OF ACTION**
**VIOLATION OF GOVERNMENT CODE SECTION 12940(k)**
**(Failure to Prevent Discrimination and Retaliation)**
**Against Defendants**
**On Behalf of Rodriguez, individually**

167.   Rodriguez hereby realleges and incorporates by reference each and every allegation above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

168.   The FEHA requires an employer to take all reasonable steps necessary to prevent discrimination from occurring.  Gov. Code § 12940(k).

169.   Defendants at all times relevant herein were Rodriguez's employer pursuant to Government Code section 12926(d) and were therefore required to prevent discrimination pursuant to Government Code section 12940(k).

170.   Defendants knew or should have known of the discrimination and retaliation but did nothing to prevent it.  Instead, Defendants encouraged, permitted and/or acquiesced to the discrimination and harassment.  Consequently, Defendants failed to take all reasonable steps to

prevent the discrimination and harassment from occurring in violation of Government Code section 12940(k).

171.   The acts taken toward Rodriguez were carried out by and/or ratified by Defendants and/or managing agents/employees of Defendants acting in an oppressive, fraudulent and malicious manner in order to injure or damage Rodriguez, thereby justifying an award of punitive damages.

172.   As a direct and proximate result of Defendants' conduct, Rodriguez has been harmed and requests relief as hereafter provided.

**THIRTEENTH CAUSE OF ACTION**
**VIOLATION OF LABOR CODE SECTION 246, et seq.**
**(Retaliation/Discrimination for Taking Protected Sick Leave)**
**Against all Defendants**

173.   Rodriguez hereby realleges and incorporates by reference each and every allegation above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

174.   Pursuant to Labor Code § 246, every employee who, on or after July 1, 2015, has been employed by the same employer within California for 30 days within a year is *entitled* to accrue paid sick days.  An eligible employee is *entitled* to use accrued paid sick days after 90 days of employment.

175.   Labor Code section 246.5, subdivision (a) authorizes an employee to use paid sick time, upon oral or written notice, for the diagnosis, care or treatment of an existing health condition or for preventive care.

176.   Labor Code section 246.5, subdivision (c) expressly prohibits an employer from denying an employee the right to use accrued sick days, discharging, threatening to discharge, demoting, suspending, or in any manner discriminating against an employee for using accrued sick days.

177.   Despite these express proscriptions, Defendants discriminated against Rodriguez for using accrued paid sick leave by subsequently disciplining her for "excessive absenteeism" expressly based, at least in part, on her use of accrued paid sick time for qualified reasons.

/ / /

178.   An employee is authorized to bring an action to enforce Labor Code section 246, et seq. on behalf of the public.

179.   As a direct and proximate result of Defendants' conduct, Rodriguez has suffered harm and is entitled to restitutionary, equitable, and injunctive relief.

180.   Rodriguez is informed and believes Defendants similarly retaliate against other California employees for exercising their rights to use accrued paid sick leave.

181.   Wherefore, Rodriguez requests relief s hereafter provided.

**PRAYER FOR RELIEF**

WHEREFORE, Rodriguez prays judgment against Defendants and each of them, on behalf of herself, the members of the Class, and the LWDA, as follows:

**As to the First, Second, and Third Causes of Action:**

1.   That this Court certify the Classes identified in Paragraph 68;

2.   That this Court certify Rodriguez as the representative of the Classes identified in Paragraph 68;

3.   For declaratory relief that Defendants violated the aforementioned Labor Code provisions; namely Labor Code section 226;

4.   That this court award actual, compensatory, special, and general damages as well as restitutionary relief to Rodriguez and the other members of the Class;

5.   For injunctive relief, including that available under Labor Code section 226(h) and Business and Professions Code Section 17203;

6.   That this Court award statutory penalties, including but not limited to those available under Labor Code section 226, subdivision (e) to the members of the Class;

7.   For statutory attorneys' fees and costs, including but not limited to those available under Labor Code §§ 218.5, 226; 1194, and 1197.1;

8.   For prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law, including those available under Civil Code sections 3287(a) and 3289(b) and Labor Code sections 218.6; and

9.    For such other and further relief as the court deems just and proper.

**As to the Fourth Cause of Action:**

1.    For civil penalties available pursuant to Labor Code section 2699(f) and the penalty provisions incorporated therein, including but not limited to sections 256 and 558.

2.    For attorneys' fees and costs pursuant to Labor Code section 2699(g) and 218.5;

3.    For all other and further relief as the Court deems just and proper.

**As to the Fifth through Eighth Causes of Action:**

10.    For declaratory relief that Defendants violated Labor Code sections 201, 226.7, 510 and 512 as to Rodriguez;

11.    That this court award actual, compensatory, special, and general damages as well as restitutionary relief to Rodriguez;

12.    For unpaid premium pay as required by Labor Code section 226.7 and the applicable IWC Wage Order(s);

13.    That this Court award statutory penalties, including but not limited to those available under Labor Code § 226.7;

14.    That this Court award statutory penalties, including but not limited to those available under Labor Code section 203, to Rodriguez;

15.    For statutory attorneys' fees and costs, including but not limited to those available under Labor Code §§ 218.5, 1194, 1197.1;

16.    For prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law, including those available under Civil Code sections 3287(a) and 3289(b) and Labor Code sections 218.6; and

17.    For such other and further relief as the court deems just and proper.

**As to the Ninth through Thirteenth Causes of Action**

1.    For economic (special) and non-economic (general) damages in an amount yet unknown, but in excess of the minimum jurisdictional limit of this Court;

2.    For injunctive relief pursuant to Government Code section 19265(c), and Labor Code section 248.5(e);

1      3.      For punitive and/or exemplary damages;

2      4.      For statutory attorneys' fees and costs, including those available under Government

3      Code section 12965(b) and Labor Code section 248.5(e);

4      5.      For prejudgment and post-judgment interest according to any applicable provision

5      of law or as otherwise permitted by law, including that available under Civil Code

6      sections 3287(a) and 3289(b);

7      6.      For such other and further relief as the Court deems just and proper.

8  **DATED:** February 13, 2017           **MAYALL HURLEY P.C.**

10            By        /s/ Jenny D. Baysinger

                        WILLIAM J. GORHAM III

11                      NICHOLAS J. SCARDIGLI

                        ROBERT J. WASSERMAN

12                      JENNY D. BAYSINGER

13                      Attorneys for Plaintiff,

                        JULIETTA RODRIGUEZ, individually and

14                      on behalf of all others similarly situated, and

                        as a proxy for the LWDA