**MAYALL HURLEY P.C.**
**WILLIAM J. GORHAM (SBN: 151773)**
wgorham@mayallaw.com
**NICHOLAS J. SCARDIGLI (SBN: 249947)**
nscardigli@mayallaw.com
**ROBERT J. WASSERMAN (SBN: 258538)**
rwasserman@mayallaw.com
**JENNY D. BAYSINGER (SBN: 251014)**
jbaysinger@mayallaw.com
**2453 Grand Canal Boulevard**
**Stockton, California 95207-8253**
**Telephone: (209) 477-3833**
**Facsimile: (209) 477-4818**

Attorneys for Plaintiff Julietta Rodriguez, individually and as a proxy for the California Labor and Workforce Development Agency ("LWDA")

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JULIETTA RODRIGUEZ,**<br><br>    Plaintiff,<br><br>v.<br><br>**EMERITUS CORPORATION**, a Washington corporation; **BROOKDALE LIVING COMMUNITIES, INC.**, a Delaware corporation; **BROOKDALE SENIOR LIVING, INC.**, a Delaware corporation; **BROOKDALE SENIOR LIVING COMMUNITIES, INC.**, a Delaware corporation; and DOES 1-100, inclusive,<br><br>    Defendants. | **Case No.: 2:18-cv-00341-KJM-CKD**<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DECLINE SUPPLEMENTAL JURISDICTION [28 U.S.C. § 1367(c)]**<br><br>Date:  August 10, 2018<br>Time:  10:00 a.m.<br>Ctrm:  3, 15th Floor<br>Judge: Hon. Kimberly J. Mueller |

# I      SUMMARY OF ARGUMENT

Now that all of the claims over which this Court had original jurisdiction have been dismissed, there is no justification for the continued exercise of supplemental jurisdiction over the lone remining claim; a representative claim brought pursuant to the California Labor Code Private Attorney General's Act, Cal. Labor Code §§ 2698, et seq., (the "PAGA"). 28 U.S.C. § 1367(c). It is well settled that a Court has wide discretion to decline to exercise supplemental jurisdiction over remining state-law claims in s situation such as this. *Ibid*. In fact, "[u]nless 'considerations of judicial economy, convenience[,] and fairness to litigants' favor the exercise of supplemental jurisdiction, 'a federal court should hesitate to exercise jurisdiction over state claims.' *Asper v. Wells Fargo Bank*, 2018 U.S. Dist. LEXIS 84188 *15, (S.D. Cal. 2018), quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, (1966). There is simply no justification for this Court to continue to exercise supplemental jurisdiction over the lone remaining PAGA claim and it should be dismissed without prejudice to re-filing in the Superior Court of the State of California. *Meyers v. Intuit, Inc.*, 2018 U.S. Dist. LEXIS 84180 *14, (S.D. Cal. 2018) (declining to exercise supplemental jurisdiction over PAGA claim once federal claims were dismissed); *Barker v. U.S. Bancorp*, 2018 U.S. Dist. LEXIS 4032 *6, (S.D. Cal. 2018) (declining to exercise supplemental jurisdiction over representative PAGA claim and dismissing it without prejudice).

# II      PROCEDURAL HISTORY

On February 13, 2018 Plaintiff filed this action in this Court, alleging class action claims, a PAGA claim, and a number of individual claims brought pursuant to the California Fair Employment and Housing Act (the "FEHA"). Class Action and Individual Complaint for Damages ("Complaint"), February 13, 2018, Doc. 1. The bases for federal court jurisdiction expressly alleged were 1) diversity jurisdiction over the "individual claims", 2) CAFA jurisdiction over the class claims, and 3) supplemental jurisdiction over the PAGA claim. Complaint, Doc. 1, at ¶ 9.

After the United State Supreme Court issued its decision in the consolidated matter of *Epic Sys. Corp. v. Lewis,* 200 L.Ed. 889, (2018), on June 6, 2018 Rodriguez dismissed all claims except the PAGA claim without prejudice.  Notice of Dismissal, Doc. 16.  This Court entered an order dismissing all claims except the PAGA claim on June 7, 2018 and ordered that any motion relating to jurisdiction over the remaining PAGA claim be filed on or before June 21, 2018.  Order, Doc. 17.

Rodriguez's counsel spoke to counsel for Defendants, Jeffrey Mann, on both June 1 and June 20 to determine whether Defendants would stipulate to the Court declining to exercise supplemental jurisdiction over the lone remaining PAGA claim.  Declaration of Jenny D. Baysinger in Support of Motion for Order Declining to Exercise Supplemental Jurisdiction ("JDB Dec."), June 21, 2018, at ¶ 3.  As no agreement could be reached, the instant motion is being presented consistent with the Court's June 7, 2018 Minute Order.

### III.   LAW AND ARGUMENT

28 U.S.C. section 1367, subdivision (c) outlines specific circumstances under which a Court may properly decline to exercise supplemental jurisdiction over state-law claims.  A number of the circumstances are present here—the PAGA claim raises novel and complex issues of state law and the Court has dismissed all claims over which it had original jurisdiction.  28 U.S.C. § 1367(c)(1), (c)(3).  The only basis for this Court's jurisdiction over the PAGA claim has always been section 1367.  Complaint, Doc. 1 at ¶ 9; *Baumann v. Chase Investment Svcs. Corp.*, 747 F.3d 1117, 1119, (9th Cir. 2014) (recognizing that CAFA does not provide a basis for federal jurisdiction over PAGA claims); *Urbino v. Orkin Svcs. Of Cal.*, 726 F.3d 1118, 1123, (9th Cir. 2013) (PAGA penalties may not be aggregated to reach amount in controversy threshold for diversity jurisdiction).  Since that claim is the *only* one remaining before this Court, fairness, equity, comity, and convenience dictate

supplemental jurisdiction should be declined and the claim dismissed without prejudice to it being pursued in the Superior Court of the State of California.

It is readily recognized that, in most cases, the balance of factors will tip in favor of declining supplemental jurisdiction once the claims over which the court had original jurisdiction have been eliminated. *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010); *Acri v. Varian Assocs.*, 114 F.3d 999, 1001, (9th Cir. 1997); *Bryant v. Pane Della Vita II, Inc.*, 2018 U.S. Dist. LEXIS 102539 *3, (E.D. Cal. 2018). This is why courts routinely decline to exercise jurisdiction over PAGA claims once all other claims have been dismissed. *Barker*, *supra*, 2018 U.S. Dist. LEXIS at 6; *Meyer*, *supra*, 2018 U.S. Dist. LEXIS at 14. The same outcome should engender here. The PAGA is a complex California statutory scheme that state courts are uniquely equipped to handle. E.g. *Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 438, (9th Cir. 2015) (generally recognizing the complexity of PAGA claims); *Huff v. Securitas Security Svcs. USA, Inc.*, 2018 Cal.App. LEXIS 474 *24, (Cal. 2018). There is simply no reason for this federal Court to devote its time and resources to resolution of the PAGA claim.

## IV.   **CONCLUSION**

For all the reasons set forth above, and pursuant to the express authority outlined in 28 U.S.C. section 1367, subdivision (c), Plaintiff requests that this Court decline to exercise supplemental jurisdiction over the lone remaining PAGA claim and instead dismiss it without prejudice so she may pursue it in an appropriate state-court forum.

**DATED:**  June 21, 2018                                         **MAYALL HURLEY P.C.**


By   /s/ Jenny D. Baysinger
     JENNY D. BAYSINGER
     Attorneys for Plaintiff
     JULIETTA RODRIGUEZ, individually
     and as a proxy for the LWDA