UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIETTA RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>EMERITUS CORPORATION, et al.,<br><br>Defendants. | No. 2:18-cv-00341-KJM-CKD<br><br>ORDER |

On June 21, 2018, Julietta Rodriguez filed a motion asking this court to decline supplemental jurisdiction over her sole remaining claim based on California's Private Attorneys General Act ("PAGA"). ECF No. 19. Defendants oppose primarily on grounds of alleged forum manipulation and forum shopping. For the reasons set forth below, the court GRANTS the motion, declining to retain supplemental jurisdiction over Rodriguez's PAGA claim, and DENIES defendants' pending motion to compel arbitration and stay proceedings, ECF No. 9, as MOOT.

I. BACKGROUND

Rodriguez filed her complaint in this court on February 13, 2018, alleging thirteen claims arising from her employment with defendants. *See generally* Compl., ECF No. 1. Defendants filed a motion to compel arbitration and stay proceedings, requesting the court "dismiss [Rodriguez's] first through third and fifth through thirteenth claims" along with a

1

portion of Rodriguez's fourth claim, to stay Rodriguez's non-arbitrable representative claim under PAGA and to compel individual arbitration of Rodriguez's remaining individual claims. ECF No. 9-1 at 9. Rodriguez opposed in part based on "binding precedent" in the Ninth Circuit. ECF No. 10 at 2. Defendants filed a reply. ECF No. 11.

After the matter was briefed, the Supreme Court issued its decision in *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612 (2018), reversing the previously binding precedent Rodriguez had relied on in her opposition to defendant's motion. Rodriguez then voluntarily dismissed twelve of her thirteen claims, maintaining only her state-law PAGA claim. Pl.'s Notice of Dismissal (Notice) at 1-3, ECF No. 16.

After voluntarily dismissing the twelve claims, Rodriguez filed a motion requesting the court decline supplemental jurisdiction over her sole-remaining state law claim, requesting the court dismiss the claim without prejudice "so she may pursue it in an appropriate state-court forum." Mot. at 4, ECF No. 19-1. Defendants oppose. Opp'n, ECF No. 21. Rodriguez has filed her reply. Reply, ECF No. 23. The court submitted the motion without oral argument, ECF No. 22, and resolves all pending motions below.

II.     LEGAL STANDARD

Under 28 U.S.C. § 1367(c), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim" based on any of four circumstances: (1) "the claim raises a novel or complex issue of State law"; (2) "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction"; (3) "the district court has dismissed all claims over which it has original jurisdiction"; or (4) "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)).

Additionally, the court should consider values of "judicial economy, convenience, fairness, and comity" when determining whether to exercise supplemental jurisdiction. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). The Ninth Circuit has emphasized that "[i]n

2

the usual case in which federal law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state law claims." *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994); *see also Carnegie-Mellon Univ.*, 484 U.S. at 350 n.7 ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

After considering statutory and common law factors, the court may also consider whether a plaintiff has engaged in tactics to manipulate the forum. *Carnegie-Mellon Univ.*, 484 U.S. at 357. If the plaintiff has attempted to manipulate the forum, the court should take that conduct into account in determining whether the balance of factors supports a remand in that case. *Id.* But even if a plaintiff's voluntarily eliminating federal claims may raise suspicion, courts have reasoned that "a plaintiff does not engage in manipulative behavior merely by eliminating federal claims from an amended complaint that were present in the original complaint." *Valmoja v. Akal Sec., Inc.*, No. 13-00343 LEK-BMK, 2013 WL 5376038, at *5 (D. Haw. Sept. 24, 2013); *see also Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 490 (9th Cir. 1995) (finding "nothing manipulative" about a "straight-forward tactical decision" by plaintiffs to "dismiss[] their federal claims and move[] for remand with all due speed after removal"); *Loewe v. City of Honolulu*, No. CIV. 10-00368, 2011 WL 322557, at *5 (D. Haw. Jan. 31, 2011) (dismissing a federal claim "is only considered manipulative if the plaintiff's initial inclusion of the federal claim was in bad faith or for the 'sole purpose of putting defendants through the removal-remand procedure'") (citation omitted).

III. <u>ANALYSIS</u>

Rodriguez contends two circumstances under 28 U.S.C. § 1367(c) warrant the court's declining supplemental jurisdiction: "the PAGA claim raises novel and complex issues of state law and the [c]ourt has dismissed all claims over which it had original jurisdiction." Mot. at 4. Additionally, she argues, "fairness, equity, comity, and convenience dictate supplemental jurisdiction should be declined" and the sole remaining state-law claim, the PAGA claim, should

be "dismissed without prejudice to it being pursued in the Superior State of California." Mot. at 3-4. Defendants argue Rodriguez's "pattern of trying to manipulate the forum is blatant forum shopping," and this manipulation along with the pendency of defendants' motion to compel arbitration mean "the factors of economy, convenience, fairness, and comity weigh against the [c]ourt exercising its discretion to decline jurisdiction." Opp'n at 2-3. In reply, Rodriguez contends her voluntary dismissal of federal claims does not weigh against the court's declining supplemental jurisdiction.

For the reasons below, the court finds the balance of factors favors declining supplemental jurisdiction.

### A. Statutory Factors: Dismissal of the Federal Claims

Rodriguez specifically relies on § 1367(c)(1) and (c)(3) to support her motion. *See* Opp'n at 3. According to Rodriguez, the sole remaining claim "raises a novel or complex issue of [s]tate law," and "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(1), (c)(3). Defendants contend § 1367(c)(3) does not apply because Rodriguez, not the court, has dismissed the claims. *See* Opp'n at 5-7. Additionally, "federal courts sitting in diversity adjudicate PAGA claims—and the underlying substantive violations of the Labor Code—all the time." *Id.* at 8 (citation omitted).

The court finds the statutory factors warrant declining supplemental jurisdiction here. First, although the PAGA claim here does not appear to raise any "novel" issues, PAGA involves "potential complexity" that "flows from the substance of the claim itself." *Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 438 (9th Cir. 2015) (PAGA actions not necessarily procedurally complex and therefore should not ward off arbitration, but PAGA claim's substance potentially complex); *Huff v. Securitas Sec. Servs. USA, Inc.*, 23 Cal. App. 5th 745, 761 (2018), *reh'g denied* (June 13, 2018), *review denied* (Aug. 8, 2018) ("Where appropriate, cases brought under PAGA can be designated complex under the Rules of Court . . . ."). Although Rodriguez overstates her position when she asserts "state courts are uniquely equipped to handle" PAGA claims, *see* Mot. at 4, the court still finds this statutory factor weighs in favor of declining supplemental jurisdiction. "Because primary responsibility for developing and applying state law

4

rests with state courts, this factor weighs in favor of remand." *Blue v. California Office of the Inspector Gen.*, No. 2:15-CV-02656-KJM-CKD, 2016 WL 1138145, at *3 (E.D. Cal. Mar. 23, 2016) (citing *Carnegie-Mellon Univ.*, 484 U.S. at 350 n.7 and *Gini*, 40 F.3d at 1046).

Second, § 1367(c)(3) warrants declining supplemental jurisdiction. All claims over which the court had original jurisdiction have been dismissed. Although Rodriguez is incorrect that the court dismissed the federal claims in this case, § 1367(c)(3) does not distinguish between involuntary or voluntary dismissal. 28 U.S.C. § 1367(c)(3) (referring only to a circumstance in which "the district court has dismissed all claims over which it has original jurisdiction"); *see Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1076 (9th Cir. 1999) ("[O]nce a notice of voluntary dismissal is filed, the district court in which the action is pending loses jurisdiction" and cannot "rule at the defendant's request on whether the plaintiff's notice of dismissal in a second action is with prejudice or without prejudice."); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

Many courts have declined supplemental jurisdiction after a plaintiff has eliminated its own federal claims. *See, e.g.*, *Blue*, 2016 WL 1138145, at *1, 3-4 (declining to exercise supplemental jurisdiction where plaintiffs "removed all federal law claims" in amending complaint after defendants removed case); *Vaca v. The Vons Companies, Inc.*, No. CV-15-6635-MWF-AGR, 2015 WL 7722345, at *4-5 (C.D. Cal. Nov. 30, 2015) (granting plaintiff's request "to dismiss his preempted claims and remand the action," dismissing those claims without prejudice and declining to exercise supplemental jurisdiction); *Valmoja*, 2013 WL 5376038, at *5 (declining to exercise supplemental jurisdiction after plaintiff's first amended complaint had removed federal law allegations from the original complaint); *Iniguez v. Vantium Capital, Inc.*, No. C 13-00037 WHA, 2013 WL 1320741, at *1 (N.D. Cal. Apr. 1, 2013) (granting motion to remand after plaintiff limited his claims for relief in first amended complaint to those arising under state law); *Loewe*, 2011 WL 322557, at *5 (declining to exercise supplemental jurisdiction where "[p]laintiffs amended their complaint at an early stage in the proceedings to eliminate the

5

sole federal claim"); *Baldain v. Am. Home Mortg. Servicing, Inc.*, No. CIVS090931 LKK GGH, 2010 WL 1416549, at *2 (E.D. Cal. Apr. 8, 2010) (declining to exercise supplemental jurisdiction where "plaintiffs' counsel indicated his preference to proceed in state court, and his willingness to dismiss his allegations and theories of liability that implicated federal law").

Defendants cite *Bui v. Northrop Grumman Sys. Corp.*, No. 15-CV-1397-WQH-WVG, 2015 WL 8492502, at *4 (S.D. Cal. Dec. 10, 2015), *order vacated in part on reconsideration*, No. 15-CV-1397-WQH-WVG, 2016 WL 7178921 (S.D. Cal. Dec. 9, 2016). The *Bui* court relied on Ninth Circuit case law addressing a statute's creation of original federal jurisdiction before class certification, ruling that denial of class certification would not defeat "continued jurisdiction under [28 U.S.C. § 1332(d)]." *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010). In *Shell Oil*, the Ninth Circuit did not address supplemental jurisdiction as it did in *Gini*, 40 F.3d at 1046 or as the Supreme Court did in *Carnegie-Mellon Univ.*, 484 U.S. at 350 n.7. The *Bui* court also relied on Supreme Court precedent providing that diversity jurisdiction depends on "the citizenship of the parties . . . with reference to the facts as they existed at the time of filing," not any changes in the legal claims plaintiff asserted. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 569 (2004); *see Bui*, 2015 WL 8492502, at *4. This court declines to follow *Bui*, a ruling rejecting a change in facts but not addressing a change in law, and instead maintains the reasoning it has set forth in previous orders, and by other district courts in the Ninth Circuit.

The court next considers common law factors below.

B. <u>Judicial Economy, Convenience, Fairness and Comity</u>

Rodriguez contends "fairness, equity, comity, and convenience dictate supplemental jurisdiction should be declined" and the sole remaining state-law claim, the PAGA claim, should be "dismissed without prejudice to it being pursued in the Superior State of California." Mot. at 3-4. Defendants argue all four factors "weigh solidly in favor of the [c]ourt maintaining jurisdiction." Opp'n at 8. Defendants refer to Rodriguez's "attempts to manipulate the forum throughout this litigation" and the pendency of their motion to compel arbitration, "a

6

potentially dispositive motion." *Id.* In reply, Rodriguez explains she "elected to expedite things by herself invoking" the court's jurisdiction because defendants have repeatedly removed cases filed in state court "by invoking diversity jurisdiction." Reply at 2 (citing multiple examples in a footnote). The court finds these four factors collectively weigh in favor of declining supplemental jurisdiction, as explained below.

### 1. Judicial Economy and Convenience

Declining supplemental jurisdiction is in the interest of judicial economy and convenience. This case is in its early stages. The parties have not filed a joint status report for scheduling the case, and the court has not conducted an initial scheduling conference. *See* ECF No. 22. Defendants have not filed an answer or a motion to dismiss. Although defendants contend they "have been actively litigating this case since it was filed in February" of this year, including by filing the pending motion to compel arbitration, Opp'n at 8-9, the court has not ruled on the motion. The bulk of the relief defendants request in that motion has been obtained through Rodriguez's voluntary dismissal of most of her claims. *Compare* ECF No. 9-1 at 9 (motion to compel arbitration requesting court "dismiss [Rodriguez's] first through third and fifth through thirteenth claims" along with portion of Rodriguez's fourth claim, to stay Rodriguez's non-arbitrable representative claim under PAGA and to compel individual arbitration of Rodriguez's remaining individual claims), *with* Notice at 2 (voluntarily dismissing Rodriguez's first through third and fifth through thirteenth claims, leaving only fourth claim remaining).

The court therefore finds judicial economy and convenience weigh in favor of declining to exercise supplemental jurisdiction early in this case where the only other pending motion's requested relief has been provided. *See, e.g.*, *Lankford v. City & Cty. of San Francisco*, No. C 10-05518 MEJ, 2012 WL 299965, at *2 (N.D. Cal. 2012) (declining to exercise supplemental jurisdiction when matter was "in its early stages and the [c]ourt has not devoted a significant amount of resources to this litigation" because defendant's motion for summary judgment was "first motion filed by either of the parties"); *Marcos v. Equity One Lenders Grp.*, No. C11-04000 HRL, 2011 WL 6225273, at *2 (N.D. Cal. Dec. 14, 2011) (declining to exercise supplemental jurisdiction because case was in its "early stages," "[f]ew federal resources have

been expended in determining the sufficiency of the pleadings as to the sole federal claim," "state courts are equally competent and more familiar with the governing law," and plaintiff determined he could not remedy defects in dismissed federal claim). This case is not one that has involved "lengthy pretrial proceedings." *See Danner v. Himmelfarb*, 858 F.2d 515, 524 (9th Cir. 1988) (recognizing some courts have retained supplemental jurisdiction over state claims "whenever there have been lengthy pretrial proceedings" but refusing to "hold that the district court must exercise jurisdiction over pending state claims" in that circumstance).

Defendants contend they "should not have to start over in state court." Opp'n at 8. Yet if a plaintiff's refiling in state court "may be a hardship [to plaintiff], but . . . is not an injustice," then defendants' litigating in state court a single, remaining PAGA claim after receiving much of their requested relief through Rodriguez's voluntary dismissal of twelve other claims is also not an injustice. *See Danner*, 858 F.2d at 524 (citation omitted).

2.  Comity

Comity weighs in favor of declining supplemental jurisdiction. Although defendants are correct that federal jurisdiction was not defective at the time of filing, the court is mindful of the Supreme Court's repeated statement that "'[f]ederal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). As the Ninth Circuit has stated, "principles of comity will be well-served by allowing the state courts to resolve claims solely of state law." *Danner*, 858 F.2d at 524. As in another recent case, "[b]ecause state courts have a strong interest in enforcing their own laws . . . the value of comity is served by this [c]ourt declining jurisdiction." *Fraser v. Washington State Dep't of Corr.*, No. 11-5273, 2012 WL 1022153, at *6 (W.D. Wash. Mar. 26, 2012).

Defendants have not argued any form of original jurisdiction continues to adhere. In the complaint, Rodriguez pleaded "the amount in controversy with respect to the individual claims exceeds $75,000" and "exceeds $5,000,000" for the class "believed to consist of more than 2,500 individuals." Compl. ¶ 9. But Rodriguez has dismissed all claims except for her fourth claim. Notice at 2-3. It is not clear from the face of the complaint that the remaining fourth

8

claim, *see* Compl. ¶¶ 105-13, would satisfy diversity jurisdiction. Nor have defendants offered any evidence or a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold" for Rodriguez's sole remaining claim. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (holding that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and "[e]vidence establishing the amount . . . only when the plaintiff contests, or the court questions, the defendant's allegation").

The court therefore concludes comity weighs in favor of declining supplemental jurisdiction. *See Valmoja*, 2013 WL 5376038, at *5 ("The possibility that diversity may exist is only slight, and does not amount to an issue of judicial economy that weighs in favor of the Court's retention of jurisdiction over this case.").

The court next addresses defendants' accusation of attempted forum manipulation and the final factor, fairness, below.

### 3. Forum Manipulation and Fairness

Defendants accuse Rodriguez of "trying to manipulate the forum" and "blatant forum shopping." Opp'n at 2, 6-7. In reply, Rodriguez explained she "elected to expedite things by herself invoking" the court's jurisdiction because defendants have repeatedly removed cases filed in state court "by invoking diversity jurisdiction." Reply at 2 (citing multiple examples in a footnote). Additionally, when voluntarily dismissing nearly all claims, Rodriguez explained her dismissal as partly "due to the existence of an express class action waiver within the arbitration agreement that is enforceable [under] the United States Supreme Court's recent decision in the consolidated matter of" *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612 (2018). Notice at 2-3.

Defendants' argument ignores the effect of the Supreme Court's ruling in *Epic Systems Corp.*, 138 S. Ct. at 1621-32. There, the Supreme Court held the National Labor Relations Act (NLRA) did not displace the Federal Arbitration Act's (FAA) requirement that courts enforce agreements to arbitrate. *Id.* at 1621-28. In effect, as one court has explained, "the Supreme Court reversed the Ninth Circuit's determination that the mere inclusion of a concerted action waiver in an arbitration agreement rendered said agreement invalid and unenforceable as a

standalone defense to arbitration." *Davis v. Red Eye Jack's Sports Bar, Inc.*, No. 3:17-cv-01111-BEN-JMA, 2018 WL 2734037, at *2 (S.D. Cal. June 7, 2018); *see also Morris v. Ernst & Young, LLP*, 834 F.3d 975 (9th Cir. 2016), *rev'd sub nom. Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612 (2018).

At the time Rodriguez filed her complaint, *Morris*, 834 F.3d 975, was good law. Rodriguez initially invoked federal jurisdiction to expedite matters, acknowledging that defendants regularly remove cases to federal court. Reply at 2. Although defendants assert Rodriguez "filed this case in federal court to avoid California Supreme court precedent" that held differently than the Ninth Circuit at the time, *see* Opp'n at 2 & n.1, "there is nothing inherently inappropriate with a plaintiff choosing to file suit in federal court because [s]he believes it is more favorable to [her]." *Feezor v. Wal-Mart Stores, Inc.*, No. CIV. 05-CV-1962LLSP, 2006 WL 220152, at *3 (S.D. Cal. Jan. 25, 2006).

Rodriguez voluntarily dismissed her claims after the Supreme Court's recent reversal of the Ninth Circuit, explaining this change in law motivated in part her decision to dismiss most of her claims. *See* Notice at 2-3 (citing *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612 (2018)). Previously, Rodriguez had relied on that Ninth Circuit precedent in her opposition to defendant's motion to compel arbitration. *See* ECF No. 10 at 2. Given her dismissals following *Lewis*, defendants have obtained most of the relief they seek.

This case is therefore like *Marcos*, 2011 WL 6225273, at *2. There, the court declined to exercise supplemental jurisdiction where the plaintiff determined he could not remedy defects in the dismissed federal claim. Here, Rodriguez determined she could no longer oppose defendants' request for dismissal of many of her claims because the law changed. As in *Marcos*, this case is in its "early stages," "[f]ew federal resources have been expended," and "state courts are equally competent and more familiar with the governing law." *Id.*

The court "does not perceive a threat of gamesmanship" in this scenario because Rodriguez "would gain nothing from such a stratagem." *Vaca v. The Vons Companies, Inc.*, No. CV-15-6635-MWF-AGR, 2015 WL 7722345, at *4 (C.D. Cal. Nov. 30, 2015) (reasoning "nothing would prevent [d]efendants from once again removing the action to federal court" if

plaintiff "later decide[d] to amend the [c]omplaint to add a claim for breach of the collective bargaining agreement").

All factors, including fairness, weigh in favor of declining supplemental jurisdiction.

IV. <u>CONCLUSION</u>

For the above reasons, the court GRANTS Rodriguez's motion, declines to retain supplemental jurisdiction over Rodriguez's PAGA claim, and DENIES defendants' pending motion to compel arbitration and stay proceedings as MOOT.

This resolves ECF Nos. 9 and 19.

The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

DATED: September 5, 2018.

_____
UNITED STATES DISTRICT JUDGE